IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY VALENTINE, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 11-1069-LPS |
| : | |
| DAVID PIERCE, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents.[1] : | |

Anthony Valentine. *Pro se* Petitioner.

James T. Wakley, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

March 20, 2014
Wilmington, Delaware

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Anthony Valentine ("Petitioner"). (D.I. 3; D.I. 10) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II.  BACKGROUND

On December 8, 2008, a Delaware Superior Court jury convicted Petitioner of two counts of first degree robbery, two counts of possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, second degree assault, and second degree conspiracy. *See Valentine v. State*, 977 A.2d 899 (Table), 2009 WL 2415853 (Del. Aug. 7, 2009). A bench trial commenced immediately after these convictions, during which Petitioner was also convicted of possession of a deadly weapon by a person prohibited. (D.I. 18 at 1) On February 6, 2009, the Superior Court sentenced Petitioner to an aggregate of twenty-five years at Level V imprisonment, suspended after twelve years for decreasing levels of probationary supervision. *See Valentine*, 2009 WL 2415853, at *1. On August 7, 2009, the Delaware Supreme Court affirmed Petitioner's convictions on direct appeal. *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on August 3, 2010, which the Superior Court denied on January 31, 2011. *See State v. Valentine*, 2011 WL 378690, at *2 (Del. Super. Ct. Jan. 31, 2011). Petitioner did not appeal that decision.

1

Acting *pro se*, Petitioner filed the instant § 2254 Petition in October, 2011, and filed an amendment to the Petition in January, 2012. (D.I.3; D.I. 10 ) The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, as procedurally barred from federal habeas review. (D.I. 18)

After the State filed its Answer, Petitioner filed a Motion to Stay the Proceeding, which the Court denied. (D.I. 21; D.I. 26) Petitioner then filed a combined Motion to Stay the Proceedings and to Appoint Counsel. (D.I. 30)

### III. THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. DISCUSSION

Petitioner's § 2254 Petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions on August 7, 2009, and Petitioner did not seek certiorari review. Consequently, Petitioner's convictions became final on November 5, 2009. Applying the one-year limitations period to that date, Petitioner had until November 5, 2010 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, waited until October 24, 2011[2] to file the Petition, almost one full year after the expiration of the limitations period. Thus, his habeas Petition is untimely, unless the limitations period can be

---

[2] Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (October 24, 2011) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

3

statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A properly filed state post-conviction motion also tolls the limitations period through the post-conviction appeal period, even if no appeal is taken.[3] *Swartz,* 204 F.3d at 420-24.

In this case, Petitioner filed his Rule 61 motion on August 3, 2010. The Superior Court denied the motion on January 31, 2011, and Petitioner did not appeal that decision. As such, the Rule 61 motion tolled the limitations period from August 3, 2010 through March 2, 2011.

When Petitioner filed his Rule 61 motion on August 3, 2010, 270 days of the limitations period had already expired. The limitations clock started to run again on March 3, 2011, and ran without interruption until the limitations period expired on June 6, 2011. Thus, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland,* 130 S.Ct. at 2560. A petitioner can only qualify for equitable tolling by demonstrating

---

[3] However, the "time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

4

"(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing;"[4] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner asserts that equitable tolling is warranted because he is unable to speak or write English and he was not provided with an interpreter to help him file his Rule 61 motion or the instant Petition. Pursuant to the Third Circuit case *Pabon v Mahanoy*, a petitioner's inability to read or understand English can constitute extraordinary circumstances triggering equitable tolling, but only when that inability is combined with a denial of access to translation or legal assistance in his native language. 654 F.3d 385, 399-401 (3d Cir. 2011). The "relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline."[5] *Id.*

---

[4]*Holland*, 130 S.Ct. at 2562.
[5]*Pabon* involved prisoner Pabon's appeal of the dismissal of his *pro se* habeas petition as untimely, wherein Pabon argued that his inability to speak, read, or write English, coupled with the prison's lack of Spanish-language legal materials and repeated denials of translation materials, were extraordinary circumstances warranting equitable tolling. The Third Circuit reversed the dismissal of Pabon's petition as time-barred and remanded the case to the District

5

In this case, Petitioner had an interpreter during his underlying criminal proceeding, but he did not have an interpreter to aid him with his state and federal collateral proceedings. Petitioner states that "jail house lawyers" helped him file his Rule 61 motion, the instant Petition, and his amended Petition. Significantly, Petitioner's Rule 61 motion and federal habeas filings are competently written in English, and his Rule 61 motion was timely filed in the Delaware Superior Court. In addition, Petitioner does not allege that the law library lacked materials in his native language that were necessary for him to file a timely § 2254 petition, and he does not allege that he requested or required AEDPA forms or research material in his native language and that such requests were denied.

Instead, Petitioner briefly asserts that his inability to speak or write English should act to toll the limitations period because he was unable to find a Spanish speaking "jail house lawyer" to help him with his Petition while he was housed in a maximum security unit. Petitioner does not provide any documentation regarding his housing situation during the relevant tolling time-periods (November 6, 2009 through August 3, 2010 and March 2011 through June 5, 2011). A "jailhouse lawyer" helped Petitioner with the instant Petition that was signed, dated, and filed on October 26, 2011, although he states he was still housed in the same "security maximum unit" where he contends such help was unavailable. (D.I. 3 at 18-19) After viewing these circumstances in conjunction with Petitioner's failure to allege that he was not provided with AEDPA or research materials written in Spanish or translated into Spanish, the Court cannot

---

Court for an evidentiary hearing on the issue of equitable tolling. The Third Circuit explained that there was "substantial evidence in the record that Pabon may have faced an extraordinary circumstance" because "he has consistently claimed to be a non-English speaker, required a translator in his interactions with police and the court system, lacked access to legal materials or notice of AEDPA in Spanish in the RHU where he was housed for five years, and was repeatedly denied legal materials in Spanish or translation assistance." *Pabon*, 654 F.3d at 401.

conclude that Petitioner's limited proficiency in the English language constituted a "severe obstacle" preventing him from complying with AEDPA's limitations period.

Finally, to the extent Petitioner's untimely filing of the Petition was due to a lack of legal knowledge or the result of a miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case.

Accordingly, the Court will dismiss the Petition as untimely.

### C. Pending Motions

During the pendency of this case, Petitioner filed a Motion to Stay and Appoint Counsel asking this Court to stay the instant proceeding so that he can file a new Rule 61 motion in the Delaware state courts. (D.I. 30) Petitioner also asks this Court to either appoint counsel to represent him in that new Rule 61 proceeding or order the Delaware state courts to appoint counsel to represent him in a new Rule 61 proceeding. Petitioner cites *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) as the basis for his requests.

Having already determined that the Petition is time-barred, the Court will deny the Motion as moot.

### V.  **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner

7

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

8